# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-4017-MWB |
| vs. | **ORDER ON MOTION TO STRIKE** |
| NICKOLAS SCOTT PRATT, | |
| Defendant. | |

_____

On November 20, 2007, the defendant filed a motion (Doc. No. 70) asking the court to strike language from the Indictment alleging the defendant has a prior felony drug conviction. The Government resisted the motion on December 6, 2007 (Doc. No. 74), and the motion is now deemed to be fully submitted. For the reasons discussed below, the motion is **denied**.

On February 24, 2005, the grand jury returned a one-count Indictment charging that "[b]etween about June 4, 1998, and continuing through about February, 2003," the defendant conspired to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Included in the Indictment is the allegation that the defendant committed the offense after "having previously been convicted on or about April 22, 2002, in State of Iowa District Court. . . of possession of marijuana with intent to deliver, a Class D felony, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), . . . and 851."

If the defendant, in fact, has a prior drug felony conviction, the reference in the Indictment to section 851 has the effect of authorizing an increase in the mandatory minimum sentence on the charge from 10 years in prison to 20 years in prison, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii). Section 851 provides, in relevant part:

(a) Information filed by United States Attorney

> (1) No person who stands convicted of an offense under [Title 21, United States Code, Section 841, *et seq.*] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . .

> * * *

(c) Denial; written response; hearing

> (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. . . . The hearing shall be before the court without a jury and either party may introduce evidence. . . . [T]he United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

In the Northern District of Iowa, the U.S. Attorney's practice is sometimes to include a section 851 notice directly in the Indictment, rather than in a separate document or "information." Chief Judge Linda R. Reade ruled that this procedure is acceptable in *Smith v. United States*, slip op., 2006 WL 2711850 (N.D. Iowa Sept. 21, 2006), reasoning as follows:

> The movant contends that the government failed to comply with 21 U.S.C. § 851 because the government did not file a separate information that gave sufficient notice of its intent to seek increased punishment. . . . He believes that the

> government should have utilized an information, rather than an indictment, to reveal its intent to increase his sentence. . . .
>
> The movant's challenge regarding 21 U.S.C. § 851 is without merit. . . . "[Such statute] does not require the government to provide notice of its intent to enhance a [ . . . ] sentence. Instead, the statute requires notice that 'stat[es] in writing the previous conviction[ ] to be relied upon.'" *United States v. Johnson*, 462 F.3d 815, [823] (8th Cir. 2006) (quoting 21 U.S.C. § 851). Although the general procedure is for the government to file a separate notice pursuant to 21 U.S.C. § 851, a separate notice is not required if the indictment itself provides sufficient notice of the government's intent to rely on a prior conviction. *Id*. Here, the indictment filed against the movant listed the prior conviction on which the government intended to rely. . . . Moreover, the indictment cited 21 U.S.C. § 851. Aside from citing 21 U.S.C. § 851, the indictment cited 21 U.S.C. § 841(b)(1)(D), that is, the statute that provides for an increased sentence based on a prior conviction for a felony drug offense. . . . Thus, the court concludes that the government provided the movant with sufficient notice. . . .

*Id.*, 2006 WL 2711850 at *5

In *United States v. Johnson*, 462 F.3d 815 (8th Cir. 2006), the court held as follows:

> We have noted that the purpose of notice under § 851 is to comply with the constitutional requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Id*. at 1077. In applying this principle, we have placed the greatest weight on whether the defendant enjoyed "full knowledge of the consequences" of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial. *See id.*; *United States v. Timley*, 443 F.3d 615, 625-27 (8th Cir. 2006).

> Johnson correctly asserts that the general procedure is for the government to file a separate notice pursuant to § 851. *E.g.*, *Timley*, 443 F.3d at 621, 626. However, Johnson's argument for reversal fails because the government's reliance on prior convictions was apparent from the face of the indictment, which listed the prior convictions on which the government relied and expressly cited to § 851. *See id.* at 625-27. Contrary to Johnson's argument, § 851 does not require the government to provide notice of its intent to enhance a defendant's sentence.

*Johnson*, 462 F.3d at 823. Thus, the section 851 notice was properly included within the Indictment.

On June 29, 2005, the defendant entered into a plea agreement with the Government and agreed to plead guilty. In the plea agreement, he stipulated that he "has at least one prior drug felony conviction for possession of a controlled substance with intent to deliver, to wit: marijuana, a class D felony, from Clay County, Iowa, District Court Case No. FECR010884 on April 22, 2002." Plea Agreement at ¶ 36(G). He also stipulated he understood that the crime to which he was pleading guilty was punishable by a mandatory minimum sentence of 20 years' imprisonment. Under the terms of the plea agreement, the Government could, but was not required to, make motions under § 5K1.1 of the United Sentencing Guidelines or pursuant to 18 U.S.C. § 3553(e). The plea agreement specifically provided that even if the defendant was dissatisfied with the Government's decision regarding whether or not to file a substantial assistance motion on his behalf, he would not have grounds to withdraw his guilty plea.

The defendant appeared before the undersigned and entered a plea of guilty to Count 1 of the Indictment pursuant to the plea agreement. Following the plea hearing, the undersigned filed a Report and Recommendation in which he recommended te defendant's guilty plea be accepted. On August 15, 2005, Judge Mark W. Bennett accepted the Report and Recommendation and accepted the defendant's plea of guilty.

After the defendant's guilty plea was accepted by Judge Bennett, the Government informed the defendant it was not going to make a substantial assistance motion on his behalf. The defendant then moved to withdraw his guilty plea in order to challenge whether his April 22, 2002, Iowa felony conviction for possession of marijuana with intent to deliver could be used to enhance his sentence pursuant to 21 U.S.C. § 851. He contended this conviction did not constitute a "prior" felony drug conviction because the present case concerns a conspiracy that spanned the period from June 4, 1998, to February 2003, encompassing the time during which the defendant's Iowa drug conviction occurred. The Government resisted the motion, arguing the defendant did not demonstrated a fair and just reason to permit him to withdraw his guilty plea. The Government also argued the defendant's April 22, 2002, Iowa felony conviction may be used to enhance his sentence in this matter.

On April 27, 2007, Judge Bennett permitted the defendant to withdraw his guilty plea, ruling as follows:

> As the government correctly asserts, the Eighth Circuit Court of Appeals has held in two cases that where overt acts in furtherance of a conspiracy occur after the date of a previous conviction that that conviction may be considered "prior" for the purposes of applying a sentencing enhancement. *See United States v. Funchess*, 422 F.3d 698, 703 (8th Cir. 2005) (holding that district court was entitled to impose sentencing enhancement for defendant's prior state felony drug conviction where defendant committed overt acts in furtherance of conspiracy after the date of defendant's prior conviction), *cert. denied*, 126 S. Ct. 1452 (2006); *United States v. Titlbach*, 339 F.3d 692, 697 (8th Cir. 2003) (affirming the application of a prior conviction enhancement where the defendant committed an act in furtherance of a conspiracy after the date a prior conviction was finalized). The government also correctly points out that the charged conspiracy in this case is alleged to have continued until February 2003, eight months after the date of defendant Pratt's

April 22, 2002, Iowa conviction.  However, unlike the factual situations in *Funchess* and *Titlbach*, the government has not directed the court's attention to any evidence in the record of an overt act committed by defendant Pratt in furtherance of the charged conspiracy which occurred after April 22, 2002.  The court notes that the stipulation of facts contained in the plea agreement between the government and defendant Pratt contains no admission by defendant Pratt of any overt acts committed by him in furtherance of the charged conspiracy after April 22, 2002.  Similarly, the Presentence Investigation Report prepared in this case reveals no overt acts committed by defendant Pratt in furtherance of the charged conspiracy after April 22, 2002.  Thus, on the record before it, the court cannot conclude as a matter of law that defendant Pratt's April 22, 2002, Iowa conviction constitutes a "prior" conviction which may be used to enhance his mandatory minimum sentence.  Therefore, the court concludes that defendant Pratt's desire to challenge the use of his April 22, 2002, Iowa felony conviction to enhance his sentence pursuant to 21 U.S.C. § 851 constitutes a fair and just reason to permit him to withdraw his guilty plea in this case.

Doc. No. 43.

Because it was proper for the Government to assert in the Indictment the alleged prior felony drug conviction and the applicability of section 851 to the present charge (see *Smith* and *Johnson*, *supra*), there are no grounds to strike the language from the Indictment.  However, this does not mean the defendant would be required to admit at any plea hearing that his April 22, 2002, conviction constitutes a "prior" drug felony conviction for purposes of section 851.  If the defendant pleads guilty but does not admit to having a "prior felony drug conviction" at the plea hearing, then the court would be required to advise the defendant after his conviction but before pronouncement of his sentence "that any challenge to the conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."  21 U.S.C. § 851(b).

If the defendant wishes to challenge the alleged prior felony drug conviction, section 851(c)(1) entitles him to file a written response to the section 851 notice. He must serve a copy of the response on the United States Attorney, after which the court will hold a hearing to determine any issues raised by the response that would except him from increased punishment. The hearing would be before the court without a jury, and either party could introduce evidence. The Government would bear the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court would enter findings of fact and conclusions of law.

In so holding, the court is relying on the statutory language in section 851 only, and is not opining that the defendant would, or would not, be entitled to have any issue raised in his response decided by a jury. *See United States v. Booker*, 543 U.S. 220, 232, 125 S. Ct. 738, 749, 160 L. Ed. 2d 621 (2005) (Sixth Amendment is violated by imposition of enhanced sentence under the United States Sentencing Guidelines based on sentencing judge's determination of a fact, *other than a prior conviction*, that was not found by the jury or admitted by the defendant.) If the defendant wishes to assert that he is entitled to have a jury trial on the issue of whether his felony drug conviction is a "prior" conviction for purposes of section 851, he must raise that assertion in his response to the section 851 notice.

No proper grounds have been asserted to strike any of the language in the Indictment. Accordingly, the motion to strike (Doc. No. 70) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 11th day of December, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

7